JUDGE STEIN

RECEIVED
JUN 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

FILE COPY

5311

Michael M. Yi (MY 2631)
Lee Anav Chung LLP
350 Fifth Avenue, Suite 5411
New York, New York 10118
Telephone: (212) 271-0664
Facsimile: (212) 271-0665

*Attorneys for Plaintiff*
*International Pursuit Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No. _____
INTERNATIONAL PURSUIT CORPORATION,
                                                                    **COMPLAINT**
                          Plaintiff,
                                                                    ***JURY TRIAL DEMANDED***
           v.

NIKE USA, INC.,

                          Defendant.
-----------------------------------------------------------------X

Plaintiff International Pursuit Corporation, by its undersigned attorneys, as and for its Complaint against defendant Nike USA, Inc., alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for breach of contract arising out of defendant Nike USA, Inc.'s material breach of its retail account agreement with plaintiff International Pursuit Corporation.

### THE PARTIES

2.      Plaintiff International Pursuit Corporation ("IPC") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 235 Main Avenue, Norwalk, Connecticut 06851.

3.      Upon information and belief, defendant Nike USA, Inc. ("Nike") is a corporation organized and existing under the State of Oregon, with its principal place of business at One

Bowerman Drive, Beaverton, Oregon 97005. Upon information and belief, Nike is engaged in the business of designing, developing and worldwide marketing of footwear, apparel, equipment, and accessory products. Upon information and belief, Nike sells its products to retail accounts, such as IPC, and through Nike-owned retail stores.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Upon information and belief, plaintiff IPC is a citizen of the State of Connecticut. Defendant Nike is a citizen of the State of Oregon. Thus, there is complete diversity between the parties.

5. This Court has personal jurisdiction over defendant Nike by virtue of its transacting, doing and/or soliciting business within the State of New York and/or its commission of acts inside and outside of New York that have an effect within the State of New York.

6. Venue is proper within this district pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to the claim occurred in the City and State of New York.

## BACKGROUND

### The Account Agreement

7. In or about April, 1991, IPC and Nike entered into a Nike Account Application and Agreement (the "Account Agreement").

8. Pursuant to the Account Agreement, IPC operates three retail stores as Nike's authorized retail account (under account number 50346): (a) International Pursuit of BX, Inc., d/b/a Mister Sports, at 72 Westchester Square, Bronx, New York 10461; (b) International Pursuit of New York, Inc., d/b/a Mister Sports, at 1915 Westchester Avenue, Bronx, New York 10462; and (c)

2

International Pursuit Corporation, d/b/a Mister Sports, at 235 Main Avenue, Norwalk, Connecticut 06851.

**The April 23, 2008 Meeting**

9. On April 23, 2008, Bill Compton, Nike's Director of Sales, Eastern Region, met with Jay J. Kim, an officer of IPC. At the meeting, Mr. Compton showed Mr. Kim a portion of a six-page facsimile document – a three-page document titled "COMMERCIAL INVOICE & PACKING LIST" (the "Commercial Invoice and Packing List").

10. Upon information and belief, the Commercial Invoice and Packing List contains a list of certain Nike products shipped from John F. Kennedy International Airport to Incheon Airport in the Republic of Korea, via Korean Airlines. Upon information and belief, such list includes Nike products purchased from International Pursuit of BX, Inc., d/b/a Mister Sports, at 72 Westchester Square, Bronx, New York 10461.

11. The Commercial Invoice and Packing List states that the "SHIPPER" was "INTERNATIONAL PURSUIT OF BX." In fact, neither IPC nor IPBX was the shipper of the Nike products listed in the Commercial Invoice and Packing List. Neither IPC nor IPBX is aware of the identity of the actual shipper. Neither IPC nor IPBX is aware of the entity "GLOBAL OBAEK CO." listed as the "CONSIGNEE" in the Commercial Invoice and Packing List.

12. Nonetheless, Mr. Compton stated to Mr. Kim in substance that, based on the Commercial Invoice and Packing List, Nike believed that IPC and/or IPBX had engaged in "transshipping" of Nike products in breach of the Account Agreement.

**The Notice of Termination**

13. The following day, Mr. Compton sent a letter to Mr. Kim dated as of April 24, 2008. (A copy of Mr. Compton's April 24, 2008 letter is annexed hereto as *Exhibit 1*.) In it, Mr. Compton

stated: "This letter is NIKE's notice that, effective June 25, 2008, NIKE is exercising its right to electively terminate account number 50346-International Pursuit." Mr. Compton also stated: "As of today, NIKE will accept no new orders for any of your New York stores. All current orders for the New York stores are now cancelled."

14. Accordingly, on or about April 24, 2008, Nike cancelled all pending orders placed by IPC's two retail stores in Bronx, New York. In addition, Nike, without any notice to IPC, also cancelled all pending orders placed by IPC's retail store in Norwalk, Connecticut.

15. In response, IPC, through counsel, stated in a letter dated April 30, 2008:

> "[D]espite the purported representation in the [Commercial Invoice and Packing List], IPBX was *not* the shipper of the Nike products in question. Moreover, IPBX has never given any person or entity permission or authority to use its name or address for any reason whatsoever [footnote omitted]. Further, IPC and IPBX do not know the consignee listed in the [Commercial Invoice and Packing List], Global Obaek Co., and have had no business dealings with that entity."

(A copy of IPC's counsel's April 30, 2008 letter is annexed hereto as *Exhibit 2*.)

16. Accordingly, IPC made the following requests to Nike:

> "We will continue our investigation of this matter and share with you our findings. In this regard, we request that Nike USA provide us with copies of all documents in its possession or control that relate to this matter, including pages 1, 2 and 6 of the [facsimile document], so that we may conduct a proper and thorough investigation. Pending completion of the investigation of this matter, we request that IPC's Nike USA Account no. 50346 *not* be terminated. We also request that all previously-placed orders of IPC be reinstated as soon as practicable."

17. Despite such requests, Nike did not provide copies of the documents requested by IPC. Nor did Nike withdraw its notice of termination or reinstate IPC's pending orders.

## AS AND FOR A FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

18.  IPC repeats and re-alleges the allegations in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19.  On or about April 24, 2008, Nike cancelled the pending orders placed by IPC. Such cancellations constituted a material breach of the Account Agreement by Nike.

20.  As result of the foregoing, IPC has been damaged in an amount to be determined at trial, but not less than $3,500,000.00, plus interest as permitted by law.

## AS AND FOR A SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

21.  IPC repeats and re-alleges the allegations in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.  On or about April 24, 2008, Nike notified IPC that Nike would refuse to accept any new orders from IPC. Such notification constituted a material breach of the Account Agreement by Nike.

23.  As result of the foregoing, IPC has been damaged in an amount to be determined at trial, but not less than $3,500,000.00, plus interest as permitted by law.

## AS AND FOR A THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

24.  IPC repeats and re-alleges the allegations in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.  Nike's cancellation of IPC's pending orders and its notification that it would refuse to accept new orders from IPC constituted a termination of the Account Agreement. Such termination constituted a material breach of the Agreement by Nike.

26.     As the result of the foregoing, IPC has been damaged in an amount to be determined, but not less than $3,500,000.00, plus interest as permitted by law.

WHEREFORE, plaintiff IPC prays for judgment:

a.     Awarding to IPC and assessing against Nike damages in an amount to be determined at trial, but not less than $3,500,000.00, plus interest as permitted by law; and

b.     Awarding to IPC and assessing against Nike the costs and expenses, including attorneys' fees, incurred by IPC in this action, together with such other relief as the Court deems just and proper.

Dated: New York, New York
       June 10, 2008

LEE ANAV CHUNG LLP

By: _____
     Michael M. Yi (MY 2631)

350 Fifth Avenue, Suite 5411
New York, New York 10118
(212) 271-0664

*Attorneys for Plaintiff*
*International Pursuit Corporation*

# EXHIBIT 1



April 24, 2008

<u>BY CERTIFIED MAIL</u>
Jay Kim
International Pursuit, doing business as "Mister Sport"
72 Westchester Square
Bronx, NY, 10461

      International Pursuit- NIKE Account #50346 – three stores in NY
      Coastal Dynamics NIKE Account # 159506 – two stores in CT

Dear Mr. Kim,

As we discussed in our meeting yesterday, it has come to our attention that NIKE footwear and other products bearing NIKE's trademarks were shipped to a consignee in Seoul, Korea on March 24, 2008.  The packing slip, a copy of which is attached to this letter, identifies International Pursuit as the shipper.

As you know the Credit Application and Account Agreement that you signed when you became an authorized NIKE account provides:

> Applicant will not sell NIKE goods other than to purchasers physically present at the store location(s) specified in this Application [or] sell or otherwise transfer or transsship NIKE goods to another retailer, e-tailer, distributor, or broker....

See Section 5.

Selling NIKE product in bulk, or shipping NIKE product for resale in locations other than your store, is a material breach of our Account Agreement, due to the disruption in NIKE's established distribution channels.

This letter is NIKE's notice that, effective June 25, 2008, NIKE is exercising its right to electively terminate account number 50346-International Pursuit.  As of today, NIKE will accept no new orders for any of your New York stores. All current orders for the New York stores are now cancelled.

In the meantime, I trust that your Connecticut store will not engage in any transshipping activities. Under the Account Agreement, all product ordered for a particular store location must be sold in that location.

NIKE makes all decisions about distribution of its products strictly from our own, independent point of view.

Very truly yours,

*Bill Compton*

Bill Compton
NIKE USA, Inc.
Director of Sales, Eastern Region

<u>Enclosure</u>

# EXHIBIT 2

# LEE ANAV CHUNG LLP
ATTORNEYS

LOS ANGELES
NEW YORK
SEATTLE
MEXICO CITY

**NEW YORK**

LEE ANAV CHUNG LLP
The Empire State Building
350 Fifth Avenue, Suite 5411
New York, New York 10118

Phone  212.271.0664
Fax    212.271.0665

michaelyi@leeanavchung.com
www.leeanavchung.com

April 30, 2008

**VIA FEDEX**

Nike USA, Inc.
111 8th Avenue, 6th Floor
New York, New York 10011

Attention:   Mr. Bill Compton
             Director of Sales, Eastern Region

             Re:   *International Pursuit Corp./Nike Account No. 50346*

Dear Mr. Compton:

Our firm is counsel to International Pursuit Corp., d/b/a Mister Sports ("IPC"), and International Pursuit of BX Inc. ("IPBX").[1] We write in response to your letter dated April 24, 2008 (a copy of which is enclosed).

First, we disagree with your statement that "International Pursuit" is in breach of Section 5 of the Nike Account Application and Agreement (the "Agreement"). To be clear, neither IPC nor IPBX has engaged in any act in breach of the "terms and conditions" of the Agreement. Indeed, IPC has been its authorized retailer for nearly 20 years, and, to our knowledge, has complied in all respects with the terms and conditions of the Agreement.

Second, the document titled "COMMERCIAL INVOICE & PACKING LIST" (the "Document"), which indicates "INTERNATIONAL PURSUIT OF BX" as the "SHIPPER," is not proper evidence of IPC's alleged breach of Section 5 of the Agreement. Indeed, despite the purported representation in the Document, IPBX was *not* the shipper of the Nike products in question. Moreover, IPBX has never given any person or entity permission or authority to use its name or address for any reason whatsoever.[2] Further, IPC and IPBX do not know the consignee listed in the Document, Global Obaek Co., and have had no business dealings with that entity.

---

[1] Our firm is also counsel to the related entities, International Pursuit of New York Inc. and Coastal Dynamics Corporation.

[2] Because IPBX operates a retail establishment, however, it is required to display in its store premises a Certificate of Authority (to collect New York State sales and use taxes) issued by the New York State Department of Taxation and Finance. (A copy of the Certificate of Authority is enclosed for your reference.)

Nike USA, Inc.
Mr. Bill Compton
April 30, 2008
Page 2 of 3

Based on our review of the Document and our investigation to date, we have determined the following:

- Shoes with the following style numbers listed in the Document have never been in inventory at Mister Sports and therefore could not have been purchased at Mister Sports: 317261-161; 316402-161; 316703-002; 318223-771; 314932-191; 313722-062; 317072-111; 316117-451; 315201-103; 316358-002; 311570-131; 316098-141; 315419-312; 314329-112[3].

- Shoes with the following style numbers listed in the Document have been sold out and therefore could not have been purchased at Mister Sports: 309432-151; 309643-111; 309683-051; 310830-111; 311122-061; 311574-041; 311813-101; 311862-101; 311920-131; 312052-115; 312052-118; 314195-411; 314192-102; 308319-412; 314195-411; 314195-061; 312153-101; 307793-113; 310557-101; 307565-112; 310830-101; 310830-114; 309601-263; 308319-032; 315419-601; 315419-062.

- There is a strong demand for shoes with the following style numbers listed in the Document, and therefore they could not have been purchased at Mister Sports in the quantity listed in the Document (a total of 361 pairs) and at the discounted prices listed in the Document: 302346-163; 307565-102; 314192-117; 314195-113; 315122-111; 315122-142; 315123-111; 317295-171; 317742-061; 317743-061; 317748-131; 317810-011; 317980-101; 318275-101; 318376-001; 318376-101; 318377-001; 318377-101; and 318546-071.

We will continue our investigation of this matter and share with you our findings. In this regard, we request that Nike USA provide us with copies of all documents in its possession or control that relate to this matter, including pages 1, 2 and 6 of the Document[4], so that we may conduct a proper and thorough investigation.

Pending completion of the investigation of this matter, we request that IPC's Nike USA Account no. 50346 *not* be terminated. We also request that all previously-placed orders of IPC be reinstated as soon as practicable. We would appreciate written confirmation of Nike USA's agreement in this regard by May 9, 2008, 5 pm EST. If we do not receive such confirmation, we will have no choice but to take appropriate legal action.

---

[3] We are not aware of this style number.

[4] The Document appears to consist of six pages (*see* handwritten notation on bottom right corner of each page). You have provided us with only pages 3, 4 and 5.

Nike USA, Inc.
Mr. Bill Compton
April 30, 2008
Page 3 of 3

      Finally, it appears that you have inadvertently cancelled the pending orders of Hanmaum Trading, Inc., d/b/a Champion Footwear ("Hanmaum"), located at 135 E. Fordham Road, Bronx, New York 10468 (Nike USA Account No. 61424). Although an application has been submitted to Nike USA for the assignment of this account to International Pursuit of New York Inc., we understand that the application is currently pending and the assignment has not yet occurred. We request, therefore, that Nike USA reinstate Hanmaum's pending orders without delay. Also, please be advised that, in the event Hanmaum asserts a claim against IPC for damages resulting from such inadvertent cancellations, IPC will seek full indemnification from Nike USA.

      IPC and IPBX hereby reserve all of their rights, pending resolution of this matter.[5]

Very truly yours,

*[signature]*

Michael M. Yi

Encl.

---

[5] If this matter has been assigned to your in-house counsel, please forward this correspondence to that counsel and provide us with the name and contact information.



April 24, 2008

<u>BY CERTIFIED MAIL</u>
Jay Kim
International Pursuit, doing business as "Mister Sport"
72 Westchester Square
Bronx, NY, 10461

      International Pursuit- NIKE Account #50346 – three stores in NY
      Coastal Dynamics NIKE Account # 159506 – two stores in CT

Dear Mr. Kim,

As we discussed in our meeting yesterday, it has come to our attention that NIKE footwear and other products bearing NIKE's trademarks were shipped to a consignee in Seoul, Korea on March 24, 2008. The packing slip, a copy of which is attached to this letter, identifies International Pursuit as the shipper.

As you know the Credit Application and Account Agreement that you signed when you became an authorized NIKE account provides:

> Applicant will not sell NIKE goods other than to purchasers physically present at the store location(s) specified in this Application [or] sell or otherwise transfer or transship NIKE goods to another retailer, e-tailer, distributor, or broker....

See Section 5.

Selling NIKE product in bulk, or shipping NIKE product for resale in locations other than your store, is a material breach of our Account Agreement, due to the disruption in NIKE's established distribution channels.

This letter is NIKE's notice that, effective June 25, 2008, NIKE is exercising its right to electively terminate account number 50346-International Pursuit. As of today, NIKE will accept no new orders for any of your New York stores. All current orders for the New York stores are now cancelled.

In the meantime, I trust that your Connecticut store will not engage in any transshipping activities. Under the Account Agreement, all product ordered for a particular store location must be sold in that location.

NIKE makes all decisions about distribution of its products strictly from our own, independent point of view.

Very truly yours,

*Bill Compton*

Bill Compton
NIKE USA, Inc.
Director of Sales, Eastern Region

<u>Enclosure</u>

New York State Department of Taxation and Finance · Sales Tax

## Certificate of Authority

Identification Number

**13 4091301**

(Use this number on all returns and correspondence)



INTERNATIONAL PURSUIT OF RX INC.
72 WESTCHESTER SQUARE
BRONX NY    10461

```
VALIDATED
REPLACEMENT
PROCESSING DIV
SALES TAX
07-13-00
DEPT. OF TAX
AND FINANCE
```

is authorized to collect sales and use taxes under Articles 28 and 29 of the New York State Tax Law.
Not Transferable
This certificate must be prominently displayed in your place of business listed above.
Fraudulent or other improper use of this certificate may cause it to be revoked.
This certificate may not be photocopied or reproduced.

DTF-17 A (8/97)